**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| **JAMES T. BUECHLER** | * |
| *Plaintiff,* | * |
| v. | * |
| | Civil Action No.: 13-cv-1066 |
| **THE UTTER, LLC, doing business as LONG BEACH RESTAURANT & TAVERN** | * |
| | * |
| Serve on: | * |
| **Robert Utter** | * |
| **1306 Chesapeake Ave.** | |
| **Baltimore, MD 21220** | * |
| *Defendant.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

James T. Buechler, ("Plaintiff") alleges as follows:

**INTRODUCTION**

1. In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals

who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2. A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3. The law gave merchants who accept credit cards and debit cards up to three years to comply with its requirements, requiring compliance with its provisions no later than December 4, 2006.

4. On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. 1681n(d), became effective. The Clarification Act shielded from a finding of willful noncompliance with FACTA any business that printed an expiration date on a cardholder receipt between December 4, 2004, and the enactment of the Clarification Act, June 3, 2008.

5. The Clarification Act did not eliminate the statutory requirement that card expiration dates not be printed on the cardholder receipts, but instead created a retroactive safe harbor based upon the belief that the original act was confusing as to whether card expiration dates were

also required to be redacted. By maintaining the requirement to not print expiration dates, however, the Clarification Act made clear that liability under FACTA can exist when, as in this case, a merchant continued to print expiration dates on cardholder receipts after June 3, 2008.

6. Although Defendant had until June 3, 2008, to comply, Defendant has willfully violated this law and failed to protect the Plaintiff against identity theft and credit card and debit card fraud by continuing to print the credit card expiration on receipts provided to debit card and credit card cardholders transacting business with Defendant.

7. Since approximately 2007, the Department of Justice ("DOJ") has frequently intervened on behalf of Plaintiffs in private FACTA class actions. In *Papazian v. Burberry Limited*, 07-cv-1479, (C.D. Cal.), for example, the DOJ filed a brief which, among other things, explained the purpose of FACTA as follows:

> Congress sought with FACTA to 'assist [] consumers in preventing identity theft and for mitigating its consequences once the crime has occurred.' *See* 108 H. Rep. No. 263 (2003). The goal of the provision that became §1681c(g) was 'to limit the opportunities for identity thieves to 'pick off' key card account information.' S. Rep. No. 108-166 (2003). FACTA followed enactment of laws in at least 20 states with provisions similar to §1681c(g) that prohibited printing the full card number as well as the expiration date on receipts . . . .
>
> Defendant claims that expiration dates accompanied only by truncated card numbers need no protection from would-be fraudsters. Defendant submitted with its opposition to Plaintiff's motion the declaration of a former MasterCard

employee who stated that a full expiration date and a truncated card number cannot be used to make fraudulent transactions . . . . Defendant also contends, based on the same declaration, that card companies routinely complete transactions with incorrect expiration dates so long as the expiration date provided to the merchant is in the future . . . . .

Defendant's argument that a thief would not be able to make fraudulent charges using <u>only</u> a truncated card number and the full expiration date misses the point. Thieves might piece together (or 'pick-off,' in the words of Congress) different bits of information from different sources. The expiration date of a customer's credit/debit card, until recently printed on Defendant's receipts, is one of several pieces of information that can make it easier for criminals to rack up fraudulent charges. These dates are worth protecting even when not accompanied by other important financial information. (internal footnote omitted).

Congress' actions comport with common experience, testimony provided in support of the legislation, and the instructions credit card companies give to merchants . . . ."

8. Plaintiff brings this action against Defendant based on Defendant's violation of 15 U.S.C. §§1681c(g).

9. Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available by 15 U.S.C. §§1681n.

## **JURISDICTION AND VENUE**

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

11. Plaintiff's claim asserted herein arose in this judicial district

and Defendant does business in this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

13. Plaintiff, James T. Buechler, is and at all times relevant hereto a resident of the State of Maryland, Baltimore County.

14. Defendant The Utter, LLC is organized under the laws of Maryland and does business as Long Beach Restaurant, located at 818 Bowley's Quarters in Middle River, Maryland.

## INDUSTRY KNOWLEDGE REGARDING THE TRUNCATION OF CREDIT CARD INFORMATION

15. In early 2003, the payment card industry and Congress announced that they were working together to combat identity theft. A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale.

16. On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's new account truncation program to protect consumers from identity theft. At the press conference, Mr. Pascarella stated:

> "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt

truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. . . . .

"The first phase of this new policy goes into effect July 1, 2003 for all new terminals. I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to the groundwork that we began together several years ago.

\* \* \* \*

"Visa USA is pleased to be working with Senator Feinstein, and the other senators here today in the fight to protect consumers from identity theft. After all, we share the same goals."

17. On July 9, 2003, L. Richard Fischer, presented a written statement to the United States House of Representatives Committee on Financial Services on behalf of Visa USA, Inc., supporting the truncation requirements of what ultimately became FACTA. Therein, Mr. Fischer stated:

"Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number . . . .upon receipts provided to cardholders at the point of sale . . . ."

18. Visa USA's agreements with the American merchants which accept Visa brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa Merchant Rules Manual includes a description

6

of Visa's truncation requirements. For example, the 2006 edition of the Manual states:

> "Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt.
>
> After July 1, 2006, the expiration date should not appear at all. Existing POS terminals must comply with these requirements by July 1, 2006 . . . ."

19.  The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

20.  Beginning in 2004, Visa's Card Acceptance and Chargeback Guide stated:

> Visa requires that all new POS terminals provide account number truncation on transaction receipts. This means that only the last four digits of an account number should be printed on the customer's copy of the receipt, and the expiration date should not appear at all. Existing POS terminals must comply with these requirements by July 1, 2006.

21.  The Office of Thrift Supervision, United States Department of Treasury ("OTS"), is responsible, inter alia, for monitoring financial institution compliance with FACTA. Toward this end, the OTS publishes an Examination Handbook ("Handbook") which assists OTS field personnel when they perform an examination, or compliance audit, of a given financial institution. The

February 2006 Edition of the Handbook states, in relevant part:

> **Truncation of Credit and Debit Card Account Numbers**
>
> Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number and do not contain the expiration dates.

22. FACTA's requirements that merchants truncate all but the last five digits of the card account number and expiration date was phased in over a three year period. During the three year phase-in period, there was extensive publicity regarding the law's requirements.

23. Many restaurant and trade associations apprised their merchant members that FACTA requires truncation of the entire expiration date and all but the last five digits of the cardholder account number.

24. Heartland Payment Systems, Inc. ("Heartland") provides credit and debit card, payroll and related processing services to restaurant, hotel and retail merchants throughout the United States, and indicates on its website that it provides services to over 137,000 merchants. In 2003, Heartland broadly disseminated a pamphlet which included the following statement:

> "Your credit card terminal is now – or will soon be required by law or the bankcard associations to truncate – or limit – the information that can appear on electronically printed sales receipts.
>
> What that means is that on all cardholder numbers:
>
> ▪ The expiration date must be eliminated

8

> ▪ All but the last four numbers of the card number must be obscured.
>
> \*   \*   \*   \*"

25. In 2006, Heartland broadly disseminated a second pamphlet, which included the following statement:

> "Make every transaction a safe one.
>
> \*   \*   \*   \*
>
> ▪ The cardholder's receipt should not include the card's expiration date and should only include the last 4 or 5 digits of the card number.
>
> \*   \*   \*   \*"

26. Many restaurant and retail trade associations apprised their merchant members that FACTA imposed truncation requirements mirroring Visa's truncation requirements. For example, the Virginia Retail Merchants Association reported in its February/March 2005 Newsletter that:

> "FACTA says receipts for credit and debit card transactions may not include more than the last five digits of the card number or expiration date."

27. In the April 23, 2003 edition of the monthly magazine for the National Association of Convenience Stores, the national trade association for Convenience and Petroleum Retailing, an article titled "Visa USA Targets Identity Theft," appeared and included the following language:

> "[A]t a press conference held last month with Sen. Dianne Feinstein (D-CA), Visa announced its account truncation security policy. This protects consumers from identity theft by limiting cardholders' information on receipts to the last four digits of their accounts. The policy will also eliminate the

card's expiration date from receipts altogether. Feinstein has introduced legislation to combat identity theft."

28. The April 2005 edition of the Food Industry Advisor, the newsletter for the Pennsylvania Food Merchants Association and Pennsylvania Convenience Store Council, included an article regarding the requirements of credit card truncation under FACTA which included the following language:

> "[A]ccording to the FACT Act, 'no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. . . . .'"

The same article appeared in the April 2005 Edition of the NACS Magazine, published by the National Association of Convenience Stores.

29. In its Spring 2004 Newsletter, the Connecticut Restaurant Association Newsletter included an article regarding Requirements for Credit Card Truncation, which stated:

> "[T]here is currently no Connecticut state law, so the two ruling requirements come from VISA and a new Federal Fair Credit Reporting Act signed in December 2003.
>
> Truncation requires that all but the last four digits of the cardholder account number, along with the entire expiration date, be suppressed on the cardholder copy of the transaction receipt generated from all electronic terminals. . . ."

30. After the enactment of FACTA, the Wisconsin Restaurant Association issued a "Credit Card Truncation" Alert to its members, which stated:

> "You may have been hearing about credit card truncation lately. This is what you need to know.

> Credit card truncation removes all but the last four (or five) digits of a credit card account number and the expiration date from the sales receipt. For example: A non-truncated receipt would list: Acct. #1234 5678 7654 3210  Exp. 10/05 while a truncated receipt would show: Acct. # **** **** **** 3210  Exp ****.
>
> \*    \*    \*    \*
>
> The federal Fair and Accurate Credit Transaction Act of 2003, prohibits any person that accepts credit cards or debit cards from printing the expiration date and more than the last five digits of the card number upon any terminal-generated receipt provided to the cardholder at the point of sale . . . ."

31. In the January 2005 edition of the Massachusetts Restaurant Association Newsletter, an article appeared apprising Association members that both Visa and MasterCard require truncation of the entire expiration date and all but the last four digits of the cardholder account number.

32. Similar information was disseminated by the Ohio Restaurant Association, the Oklahoma Restaurant Association, and a significant number of other restaurant trade associations, and retail merchant trade associations.

33. In the March/April 2006 Edition of the Ohio Independent Automobile Dealers' Association Dealer News Magazine, an Article was published entitled "What You Should Know about Credit and Debit Card Processing and the FACTAs about Card Truncation." The article states:

> "What is Card Truncation?  This federal law sets deadlines by which the receipt electronically printed from a credit card sale must be truncated – meaning, the receipt given to the customer shows no more than the last five digits of the customer's credit card number and does not show the expiration date.

> Business owners are responsible for merchant account compliance with the truncation regulations and must make sure their printed cardholder receipts do not contain expiration dates or full account numbers."

This same article appeared in the March/April edition of the West Coast Independent Automobile Dealer News.

34.   The Independent Insurance Agents & Brokers of America circulated a report to its members dated June 5, 2005 titled: "Overview of the Fair Credit Reporting Act, The Fair and Accurate Credit Transactions Act, and the Drivers Privacy Protection Act." In relevant part, this publication stated:

> "Under the FACT Act, businesses and others accepting credit or debit cards for payment may not print more than the last five digits of the card number nor may they print the expiration date upon any receipt provided to the cardholder at the point of sale."

35.   In the November 18, 2004, edition of the Compliance Challenge, published by the Credit Union National Association News, a report was published that included the following language:

> "FACTA prohibits anyone that accepts credit/debit cards to print more than the last 5 digits of the card number or expiration date on any receipt at the point of sale or transaction . . . ."

36.   In the October 10, 2003, edition of the PT Bulletin, a Newsletter for the American Physical Therapy Association, an article appeared titled, "Truncation Requirement Now in Effect for Credit Card Processing." In relevant part, this article stated:

> "Physical therapists who accept credit card payments from patients and clients face new processing requirements from major credit card companies.
>
> In an effort to minimize opportunities for credit card fraud, Visa and MasterCard . . . .have mandated that credit card account numbers and expiration dates be masked on all receipts. Compliance with this requirement is not optional . . . ."

37. The Restaurant Association of Maryland provided significant guidance on the credit card redaction requirements of FACTA. The October 2004 version of the "RAM Answer Manual" the association made available to its members provided information concerning the Maryland state law requirement to truncate to the last eight digits and the Visa and Master Card requirements to truncate all but the last 4 or 5 digits of the credit card numbers. The Answer Manual explained that "Visa and MasterCard, for example, are requiring their merchants to suppress all but the last 4 or 5 digits of the cardholder's account number on printed receipts. Visa and MasterCard began requiring all new merchants to comply with this new policy as of July 1, 2003. All existing merchants have until April 2005 to comply. . . . For more information, contact your credit card processing company, or call the RAM office at 800-874-1313".

38. An update to the RAM Answer Manual was published in July 2008 that explained:

> Card Number Truncation
>
> In an effort to reduce credit card fraud, new Federal law prohibits displaying full credit card numbers on customer receipts. As of December 1, 2006, point-of-sale (POS) systems

13

and credit card terminals are required by law to limit the information appearing on electronically printed credit card sales receipts.

The new law prohibits the CARD EXPIRATION DATE and ALL BUT THE LAST FOUR DIGITS of the credit card number from appearing on the customer copy of the receipt. New data security guidelines also restrict POS system storage of customer credit card data.

Non-compliance could result in fines and/or legal action. For information about updating your system to comply with these new security measures, contact your POS System provider or your Credit Card Processor representative.

39. Similar information was shared with association members on the Restaurant Association of Maryland's website.

40. In May, 2007 the Federal Trade Commission issued a business alert entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts." That alert stated in relevant part:

"According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

41. The passage of the Clarification Act, was championed by the national Chamber of Commerce and added to the extensive amount of publicity regarding the requirements of FACTA.

**DEFENDANT'S KNOWLEDGE OF FACTA'S**
**TRUNCATION REQUIREMENTS**

42. Defendant had actual knowledge of FACTA's truncation

requirements, specifically including FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates, and was provided with notice of these obligations by trade associations, companies that provided merchant services and otherwise prepared monthly statements of credit card activity, and others.

43. Upon information and belief, during all times relevant to this Complaint, Defendant has had agreements with various credit card issuers, including VISA, Mastercard, Discover, American Express and others, and those agreements apprise Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.

44. Upon information and belief, prior to the transaction at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.

45. Upon information and belief, prior to the transaction at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.

46. Upon information and belief, prior to the transaction at issue, Defendant received written information from its POS (Point of Sale) provider(s)

apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.

47. Upon information and belief, prior to the transaction at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates.

48. FACTA's truncation requirements have been well publicized in Maryland. For example, on September 29, 2011, *The Baltimore Sun* published an article entitled "Baltimore Lawsuit Spotlights Obscure Identity Theft Law," which discussed and explained the credit card truncation requirements of FACTA. Additionally, numerous FACTA class actions have been litigated and settled in the District of Maryland, and publicized in *The Maryland Gazette*, (December 15, 2012 and December 18, 2010); *USA Today* (May 11, 2012); and *The Baltimore Sun* (July 22, 2011, p. 7; July 23, 2011, p. 15).

## FIRST CAUSE OF ACTION
## For Violation of 15 U.S.C. §§1681c(g)

49. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

50. Title 15 U.S.C. §1681c(g)(1) provides that:

> ...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any

receipt provided to the cardholder at the point of sale of transaction.

51. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

52. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

53. On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. 1681n(d), became effective. The Clarification Act shielded from a finding of willful noncompliance with FACTA any business that printed an expiration date on a cardholder receipt between December 4, 2004, and June 3, 2008.

54. Defendants transact business in the United States and accepts credit cards and debit cards in the course of transacting business with persons such as the Plaintiff. In transacting such business, Defendants use cash registers and other machines or devices that electronically print receipts for credit card and debit card transactions.

55. On March 22, 2013, Defendant provided Plaintiff James T. Buechler with an electronically printed receipt on which Defendant printed the last four numbers of the credit card and the expiration date of the

Plaintiff's credit card.

56. Defendant knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

57. Despite knowing and being repeatedly informed about FACTA and the importance of not printing expiration dates on receipts, and despite having had until June 3, 2008, to comply with FACTA's requirements, Defendants willfully violated and continue to violate FACTA's requirements by printing the expiration date of the credit card and debit card upon the receipts provided to it customers.

58. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the card expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

59. In contrast, Defendant willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

60. Defendant willfully violated FACTA in conscious disregard of the rights of Plaintiff thereby exposing Plaintiff to an increased risk of identity theft and credit and/or debit card fraud.

61. As a result of Defendant's willful violations of FACTA, Defendant is liable to Plaintiff in the statutory damage amount of "not less than $100 and not more than $1000" for each violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

62. As a result of Defendant's willful violations of FACTA, Plaintiff are entitled to recover costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

63. As a result of Defendant's willful violations of FACTA, Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C. §1681n(a)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A. An award to Plaintiff of statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A) for Defendant's willful violation;

B. An award to Plaintiff of punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

C. Payment of costs of suit herein incurred pursuant to 15 U.S.C. §1681n(a)(3);

D. Payment of reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3);

E. For other and further relief as the Court may deem proper.

Dated: April 10, 2013              Respectfully Submitted,

                                                      /s/ E. David Hoskins
E. David Hoskins, Bar No. 06705
LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland  21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
*dhoskins@hoskinslaw.com*